Hosea, J.
On motion for leave to amend, etc.
Demurrer having been sustained to the petition, the present application for leave to file an amended petition is governed by Section 5116 of the code, which conditions the right to amend upon the susceptibility of the defect to amendment; and this I understand to be the question presented upon the amendment *174 proposed. Before considering certain details necessary to be noticed, if may be well to review established principles that lie at the foundation of this entire proceeding.
This suit is to subject stockholders to statutory liability, and it has been repeatedly held that such suit is in the nature of a “creditor’s bill,” and governed by like rules. Umstead v. Buskirk, 17 O. S., 14; Males v. Murray, 7 N. P., 614.
And this court long ago pointed out that a creditor’s bill in equity could only be brought upon a judgment, and execution unsatisfied; and that our statutory action allowing such bill to be filed after judgment, without or before execution, upon the ground of no property to levy upon, was in the nature of an equitable attachment or execution and not pursuit of a trust fund. Hays v. Bridge Co., 1 Handy, 281 (283).
This distinction is most important; moreover, since equity acts in analogy to the law, and since attachment statutes are strictly construed, so in equity the grounds of proceeding must be clearly and fully proved. These suits are in the nature of proceedings in ram, rather than in personam, and in their nature ancillary and not original. Houghton v. Axleson, 64 Kansas, 274.
Such a suit is to be resorted to only when the creditor is unable to satisfy his established claims at law, either on account o£ insufficiency of legal assets or other circcumstances rendering legal remedies inadequate. Overturf v. Gerlach, 62 O. S., 127; Bank v. Beebe, 62 O. S., 41; Vanderbank v. Mattingly, 62 O. S., 25.
It is an established rule that no mere money claim or simple contract debt can be made the basis of a creditor’s proceeding in equity until reduced to judgment at law. Tompkins Co. v. Carawba Mills, 82 Fed., 780; Clark v. Strong, 16 O. S., 318.
This results from the fact that only equitable demands can be recognized and passed to a money decree in equity; but as equity can property act in the enforcement of a lien, the lien of a judgment is regarded as within the scope of its powers.
But, nevertheless, the suit is entertained only where the ordinary processes of law are unable to reach a satisfaction of the judgment, and is to be resorted to only in cases of necessity *175 and this must be made apparent, to give the court jurisdiction. Hubbel v. Perin, 3 O., 287.
While these general rules are fundamental, yet, where the debtor has absconded and left no legal assets, or where some other special condition exists rendering execution, or, in some cases, even a judgment nugatory, equity, to prevent a total failure of justice, may intervene.
For illustrations of the exceptional conditions, see 4 Pomeroys Equity, 1415 (and notes).
In the light of the authorities it is incumbent on a plaintiff, in order to justify a court of equity in entertaining a suit like that at bar, to plead cogent facts, making it apparent that— to use the familiar formula of chancery — he is “without relief save by the interposition of the court” of equity. To establish the grounds of jurisdiction he must set forth a claim showing him to be a “decree creditor”; i. e.)oeither in judgment or capable of being established by a finding; or one enforceable through a lien which is inadequate or exhausted (Johnson v. Miller, 50 Ill. App., 60; Preston v. Colby, 117 Ill., 477; Barrett v. Reid, Wright, 700); and also showing that only by a resort to the statutory liability can the debt be satisfied.
In a word, the proceeding being not original but purely ancillary and based on the impossibility of reaching legal assets as the fruition of a legal proceeding, all the facts showing its necessity must be pleaded to give the court jurisdiction. It is an established requirement of such a suit that the bill must show definitely where, in what manner, and by what contracts the indebtedness claimed arose, so as to inform the defendant. Elwell v. Johnson, 3 Hun. (N. Y.), 558; Gray v. Kendall, 10 Abb. Pr. R., 66; Guano Co. v. Heatherly, 38 W. Va., 499.
Reading the proposed amended petition, with these requirements in mind, it seems to me to fall far and fatally short.
(1) The petition, as now amended, is designed to set forth á simple contract claim not yet due in terms; and though alleged to have become constructively due, no finding is prayed nor is it proposed to give the defendant any opportunity to contest it.
(2) But the change in the mode of stating the claim now made — omitting material averments and changing others to more *176 indefinite form — render the presumption arising upon the original petition the more certain under a familiar legal and ethical rule. A material fact stated in a petition can not be suppressed as an admission of record by amendment. Consequently, it is to be assumed that the claim is secured by mortgage, and this is not shown to be inadequate or exhausted.'
Burch & Johnson, for plaintiff.
Edward Colsion, for defendant.
(3) It is also shown that the suit and receivership, alleged as a ground of the present proceeding, are for the purpose of applying all the property of the defendant to the payment of the obligation held by plaintiff among other debts. But this admits that the defendant has legal assets and that the plaintiff’s claim is now in process of settlement under a proceeding which is to all intents both legal and an equitable execution. So far, then, as concerns the basic theory of a creditor’s bill, namely, that legal assets are non-existent or beyond reach, it is exploded by the admission that =>assets are in the possession of a court of competent jurisdiction, by its receiver, who, with respect to any property under plaintiff’s lien, stands toward plaintiff in a fiduciary capacity. The possession of this property of defendant is, therefore, not hostile or adverse to plaintiff’s, but for his benefit and for administration in due course.
But the mortgage securing the bond in this case is to be presumed ample to secure the debt; and no court has power, in dealing with the property, to ignore or destroy the plaintiff’s record rights therein.
Thus, in every aspect of the case, the proceeding seems to me unnecessary and certainly premature. The facts alleged do not bring the ease within the recognized limits of suits of this character.
Leave to file the amendment will be denied; and, as the defects of the alleged cause of action are manifestly vital and irremediable, the defendant may take an entry dismissing the petition.
Leave refused and petition dismissed.